ALLEN PAUL BRANCO, Petitioner-Appellant,
v.
STATE OF HAWAl'l, Respondent-Appellee
No. 28212.
Intermediate Court of Appeals of Hawaii.
December 15, 2008.
On the briefs:
Gale L. F. Ching, (Ching & Lee), for Petitioner-Appellant.
Jack N. Matsukawa, Deputy Prosecuting Attorney, County of Hawai'i, for Respondent-Appellee.

NOT FOR PUBLICATION

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and LEONARD, JJ.
This appeal stems from a Hawai'i Rules of Penal Procedure (HRPP) Rule 40 petition (Rule 40 Petition) filed by Petitioner-Appellant Allen Paul Branco (Petitioner or Branco) in the Circuit Court of the Third Circuit (circuit court) on April 17, 2003, seeking to vacate, set aside, or correct the April 18, 2001 judgment[1] convicting and sentencing him for kidnapping and sexual assault in the first degree, or release him from custody. On December 12, 2006, the circuit court[2] entered, Findings of Fact, Conclusions of Law, and Order Denying Petitioner's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Order Denying Rule 40 Petition). We affirm.

A.
As a result of events that took place on or around June 14 or 15, 1995, Branco was indicted for kidnapping, in violation of Hawaii Revised Statutes (HRS) § 707-720 (1) (d) (1993), and sexual assault in the first degree, in violation of HRS § 707-730(1) (a) (1993). On February 11, 1997, a jury found Branco guilty as charged, and on April 2, 1997, the circuit court entered its judgment convicting and sentencing Branco for both offenses.
Branco appealed, and on May 14, 1998, the Supreme Court of Hawai'i, in a memorandum opinion, held that Branco was denied effective assistance of counsel because his trial counsel failed to file a motion in limine to prevent the prosecution from examining Branco's co-defendant, Samuel Pua (Pua), regarding Pua's commission of, conviction of, and incarceration for murder in the second degree, and failed to obj ect to the presentation of such "clearly inadmissiblen evidence. The supreme court vacated Branco's convictions and remanded for a new trial.
To provide guidance to the circuit court on remand, the supreme court addressed other issues raised by Branco and held that: (1) the circuit court was not required to deliver an instruction requiring the jury to determine whether the kidnapping and sexual assault charges merged under HRS § 701-109 (1) (a) and (4) (1993); (2) the circuit court properly excluded all evidence relating to the taking of the blood samples of the complaining witness and the test results; (3) the failure of the police to properly preserve the blood samples of the complaining witness did not violate Branco's due-process rights; (4) the circuit court did not err in admitting a statement made by Branco during an interview with Lieutenant Glenn Nojiri (Lt. Nojiri) because "based on the entire record, it is clear that Branco voluntarily, knowingly, and intelligently waived the presence of counsel"; and (5) although the circuit court's use of hand polling of the jury "was permissible,... the preferable practice is for the trial court to elicit individual responses from the jurors."
On February 27, 2001, following retrial, a jury again found Branco guilty as charged. On April 18, 2001, the circuit court[3] entered its judgment convicting and sentencing Branco for kidnapping and sexual assault in the first degree. Branco appealed, raising the following points of error:
(1) The trial court erroneously precluded him from cross-examining the complainant as to whether she had a motive to fabricate the allegations of kidnapping and sexual assault; and
(2) He received ineffective assistance of counsel because (a) his attorney did not object to prosecution witnesses who repeatedly characterized the complainant as "the victim"; and (b) his attorney did not object when a police officer testified that he had determined there was a sexual assault.
On December 12, 2002, this court issued a summary disposition order affirming the April 18, 2001 judgment.
On April 17, 2003, Branco filed the underlying Rule 40 Petition, alleging the following grounds for vacating, setting aside, or correcting the judgment of conviction and sentence or to release him from custody:
(1) Newly Discovered Evidence: The testimony of
Lt. Nojiri during the second trial that there may have been only two vials of the complainant's blood, not three, was inconsistent with his prior testimony, indicating perjury, and therefore, all of Lt. Nojirifs sworn testimony is highly suspect.
(2) Conviction Obtained by Use of Coerced Statement: Lt. Noj iri failed to comply with his "promise" to Branco that the three vials of the complainant's blood would be tested to determine if the complainant had used the drug "crack-cocaine" on the night in question, which promise influenced Branco to waive his Miranda rights and rendered Branco's statement involuntary.
(3) Destruction of Known Exculpatory Evidence: The blood evidence was destroyed in "[b]ad [f]aith" and therefore, Branco was "entitled to a favorable spoliation inference based on the destroyed and missing evidence."
(4) Indictment Gained Through Prejudiced Grand Jury: In testifying before the grand jury, Lt. Noj iri misrepresented, withheld, and falsified evidence by: (a) withholding complainant's drug use and clearly contradicting statements made by complainant in her videotaped statement on June 16, 1995; (b) falsifying his own police reports, testifying that Branco and Pua both were "blaming each other [,] " and suggesting that Branco and Pua confessed to the charged crimes; and (c) falsifying the police report by Detective Ronald Aurello (Detective Aurello), thus bolstering complainant's credibility.
(5) Ineffective Assistance of Counsel: His trial counsel was ineffective for failing to: (a) call Pua and Detective Aurello as witnesses at trial; (b) request an instruction on mistake of fact when the evidence showed that Branco believed that the complainant had consented to sexual intercourse; and (c) object to a juror who saw Branco handcuffed and shackled.
(6) Prosecutorial Misconduct, Threatening Witnesses: The prosecutor and his investigator threatened retaliation against a defense witness who "would have testified that the Complainant abused the drug crack-cocaine[.]"
(7) Illegal Sentence: Branco has no prior felony record and his conviction on two or more charges in the same indictment should be treated as one conviction for sentencing purposes.
(8) Ineffective Assistance of Counsel on Direct Appeal: Branco's appellate counsel was ineffective for omitting all the grounds raised in Branco's Rule 40 Petition in Branco's direct appeal.
On December 12, 2006, following hearings held on April 14, 2005, July 22, 2005, and September 1, 2006, the circuit court entered its Order Denying Rule 40 Petition.

B.
Branco raises the following points on appeal:
(1) The circuit court erred in failing to rule on the voluntariness of Branco's statements to the police before allowing the statements into evidence at trial pursuant to [HRS §] 621-26 [(1993)];[4]
(2) The circuit court erred in allowing coerced statements to be presented to the jury;
(3) Branco was prejudiced by the bad-faith destruction of known exculpatory evidence;
(4) The indictment against Branco was flawed because it was gained through false grand-jury evidence;
(5) Branco received ineffective assistance of counsel at trial because his attorney did not: (a) call Pua to testify at trial, (b) call Detective Aurello to testify at trial, (c) request a jury instruction on mistake of fact,[5] and (d) object to or have removed a juror who saw Branco in shackles;
(6) The circuit court erred in ignoring the misconduct of the prosecutor and his investigator who threatened a defense witness;
(7) The circuit court illegally sentenced Branco to consecutive terms of imprisonment;
(8) The circuit court erred in vouching for the prosecutor's complaining witness; and
(9) The circuit court erred in allowing the jury to hear the hearsay testimony of the prosecutor's investigator.
C.
After a careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised, and the relevant statutes, rules, and case law, we resolve Branco's points of error as follows:
As to point (1), the supreme court determined in its May 14, 1998 memorandum opinion that Branco "voluntarily, knowingly, and intelligently waived the presence of counsel" when he made his statements to police on June 16, 1995. Therefore, it was not necessary for the circuit court on remand to rule on the voluntariness of Branco's statements to the police before allowing the statements into evidence at trial.
Points (2) and (3) were previously ruled on by the supreme court in its memorandum opinion, and therefore, relief pursuant to HRPP Rule 40 is not available. HRPP Rule 40(a) (3) .
Points (4), (5), and (6) are waived pursuant to HRPP Rule 40(a) (3) because Branco failed to raise these issues at any time prior to his Rule 40 Petition and failed to prove the existence of extraordinary circumstances to justify his failure to raise the issues.
As to Point (7), the record indicates that the circuit court imposed consecutive imprisonment sentences on Branco "to reflect the seriousness of [his] offenses." Based on our review of the record, we cannot conclude that the circuit court abused its discretion in sentencing Branco to consecutive terms of imprisonment. See HRS § 706-668.5 (1993); State v. Kahapea, 111 Hawai'i 267, 141 P. 3d 440 (2006) .
Points (8) and (9) are disregarded pursuant to Hawai'i Rules of Appellate Procedure Rule 28(b) (4) because Branco did not raise these issues in his Rule 40 Petition and raises them for the first time on appeal in his opening brief.

CONCLUSION
In light of the foregoing discussion, the "Findings of Fact, Conclusions of Law, and Order Denying Petitioner's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" entered by the circuit court on December 12, 2006 is affirmed.
NOTES
[1] The judgment was entered by the Honorable Riki May Amano.
[2] The Honorable Greg K. Nakamura presided.
[3] The Honorable Riki May Amano presided.
[4] HRS § 621-26 provides:

Confessions when admissible. No confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made.
[5] In his opening brief, Branco asserts that his trial counsel was ineffective for not raising the "defense of ineffective consent" but argues that pursuant to HRS § 7 02-218, he was entitled to a jury instruction on mistake of fact as a defense. HRS § 702-218 (1993) provides:

Ignorance or mistake as a defense. In any prosecution for an offense, it is a defense that the accused engaged in the prohibited conduct under ignorance or mistake of fact if:
(1) The ignorance or mistake negatives the state of mind required to establish an element of the offense; or
(2) The law defining the offense or a law related thereto provides that the state of mind established by such ignorance or mistake constitutes a defense.
The defense of "ineffective consent" is set forth in HRS § 702-235 (1993), as follows:
Ineffective consent. Unless otherwise provided by this Code or by the law defining the offense, consent does not constitute a defense if:
(1) It is given by a person who is legally incompetent to authorize the conduct alleged; or
(2) It is given by a person who by reason of youth, mental disease, disorder, or defect, or intoxication is manifestly unable or known by the defendant to be unable to make a reasonable judgment as to the nature or harmfulness, of the conduct alleged; or
(3) It is given by a person whose improvident consent is sought to be prevented by the law defining the offense; or
(4) It is induced by force, duress or deception.
Based on the record in this case, we construe Branco's arguments as being predicated on the defense of mistake of fact, not ineffective consent.